IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA ROGERS, individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:13-cv-1752-O (BF) |
| EPIC HEALTH SERVICES, INC., | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Epic Health Services, Inc. has filed a Motion to Compel Arbitration in this civil action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. For the reasons stated herein, the motion should be granted.

I.

This is a putative class action under the FLSA to recover alleged unpaid overtime wages. Plaintiff Joshua Rogers formerly worked for Defendant as a Client Service Coordinator ("CSC"). According to Plaintiff, Defendant regularly required him to work more than 40 hours per week, but did not pay him any overtime compensation because Defendant improperly classified CSCs as exempt from the overtime provisions of the FLSA. Plf. Compl. at 4, ¶ 13. By this lawsuit, Plaintiff seeks unpaid back wages due for himself and others who may join in the suit, court costs, and attorneys' fees.

Defendant moves to compel arbitration and stay the case pending resolution of Plaintiff's claims. Def. Mot. at 8. In support of its motion, Defendant submits a Mutual Agreement to

Arbitrate Claims ("Agreement"), which Plaintiff accepted and agreed to as a condition of his employment. *See* Def. Mot. App., Exh. A (Decl. of M.M. Matlage) at 2, ¶ 7 & *id.*, Exhs. 1 & 3. This Agreement provides, in relevant part, that "COVERED CLAIMS SHALL BE EXCLUSIVELY RESOLVED BY BINDING ARBITRATION." *Id.*, Exh. 1 at 1, ¶ 4. "Covered Claims" include "[a]ny and all ... claims for standard wages, overtime wages, or other compensation due." *Id.* at 2, ¶ 5.a.ii. Although Plaintiff initially opposed Defendant's motion, *see* Def. Mot. at 9, he later filed a Notice of No Opposition to the motion. *See* Doc. 22. The issues have been fully briefed by the parties, and the motion is ripe for determination.

II.

The Federal Arbitration Act provides, in pertinent part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The language of this section is mandatory. Where the Court finds that the parties agreed to arbitrate a dispute, its role is limited to enforcing that agreement. *See AT & T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 649-50 (1986). The decision whether to enforce an arbitration clause involves a two-step inquiry. First, the Court must determine whether the parties agreed to arbitrate the dispute. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985); *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). The court then must consider whether any statute or policy renders the claims non-arbitrable. *Mitsubishi Motors*,

2

473 U.S. at 628; *Hill*, 367 F.3d at 429.

Here, Plaintiff does not dispute that the Agreement is a valid agreement to arbitrate or that it covers the claims asserted in this lawsuit. Nor does he contend that any statute or policy renders the claims non-arbitrable. Indeed, the Agreement unambiguously provides that any and all "claims for standard wages, overtime wages, or other compensation due," such as those asserted by Plaintiff in this lawsuit, shall be exclusively resolved by binding arbitration. *See* Def. Mot., Exh. 1 at 1, ¶ 4 & 2, ¶ 5.a.ii. Thus, the District Court should grant Defendant's motion to compel arbitration.

### III.

A district court may dismiss, rather than stay, an action where all issues are properly subject to arbitration. *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Because all the claims asserted by Plaintiff falls within the scope of the Agreement, the only possible role a court could have would be to review the arbitration award once the proceedings are concluded. *See Alford*, 975 F.2d at 1164. Under these circumstances, the case should be dismissed rather than stayed. *See Redish v. Yellow Transp., Inc.*, No. 3-07-CV-1065-O, 2008 WL 2572658, at *6 (N.D. Tex. Jun. 24, 2008) (dismissing case without prejudice in favor of arbitration).

### RECOMMENDATION

Defendant's motion to compel arbitration (Doc. 17) should be GRANTED, and this case should be DISMISSED without prejudice in favor of arbitration.

SO RECOMMENDED, August 3, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).